WALTER E. TAYLOR, GUARDIAN OF THE ESTATE OF JACOB HANGARTNER, APPELLEE, V. OTTO E. LUEDKE, APPELLANT.

FILED APRIL 6, 1934. No. 28862.

*Willis E. Reed,* for appellant.

*William L. Dowling* and *Charles J. Thielen, contra.*

Heard before ROSE and PAINE, JJ., and LIGHTNER, REDICK and THOMSEN, District Judges.

REDICK, District Judge.

Action in equity to restrain enforcement of a lien claimed for work done upon personal property. The district court granted a permanent injunction and the defendant appeals.

Defendant was employed as a farm hand at $25 a month and findings by one Warden, tenant under lease from Taylor, guardian of the owner, who was an incompetent. Defendant claimed a lien for a balance of his wages due

him from Warden for work and labor performed in preparing ground for planting, planting crop, and tending the same, upon the corn and hay upon the premises. He bases his claim of lien upon section 52-601, Comp. St. 1929, which reads as follows:

"A person * * * who shall perform work or labor, or exert care or diligence or advance money or material upon personal property under a contract, express or implied, shall have a lien for his reasonable or agreed charges therefor and for the reasonable expenses and the costs of satisfying same, and shall be entitled to retain possession thereof until his claim is satisfied."

A proper construction of the above statute will determine the rights of the parties. The defendant, recognizing that the lien, if any, is based upon the continued retention of possession of the personal property upon which the lien is claimed, contends that the corn and hay were in his possession. In this he is in manifest error. It may have been in his custody, but it was in the possession of the owner. One having mere custody of an article must deliver it up to the owner on demand, but one having the rightful possession may retain it until his right expires. Such possession as defendant had was the possession of the owner.

Defendant also contends that in preparing the ground, planting the crop and tending the same, he was performing work on personal property. Here again we think he is in error. The statute presupposes the existence of personal property upon which the labor is performed. Here the personal property did not come into existence until after severance, at which time all the labor had been performed.

Regardless, however, of all the above considerations, and assuming that we are lamentably wrong in the conclusions stated, we are unable to adopt defendant's construction of the statute as granting a lien under the circumstances detailed. To do so we would be required to hold that a

chauffeur, having washed the car, might withhold possession thereof from the owner until his wages were paid. Likewise a cook who had prepared the dinner might refuse to deliver the same into the dining room to appease the appetites of her master and his guests until her weekly wage was settled. A hostler who had administered castor oil to or scattered flea powder upon the master's dog would be entitled to a lien on the dog for such services. The milkmaid would have a lien on the cow or the product; and the chambermaid for cleaning a rug or vessel *de convenance* would have a lien upon the respective article. We are not prepared to so hold.

The argument *reductio ad absurdum* is said to be the weakest form of logic, if logic at all, but we think it strong enough to wreck the defendant's case.

Finding no error in the record, judgment of the district court is

AFFIRMED.